In the Matter of the Claim of MARY C. SOMAN et al., Respondents, GLENSHAW GLASS COMPANY, INC., Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, November 6, 1967.

*Schwartz, Kobb, Freilich & Scheinert* (*Robert H. Freilich* of counsel), for appellant.

*Joseph Rosenzweig* for claimants-respondents.

*Louis J. Lefkowitz, Attorney-General* (*Samuel H. Stern* of counsel), for Industrial Commissioner, respondent.

GABRIELLI, J. The employer appeals from a decision of the Unemployment Insurance Appeal Board finding the employees eligible to receive unemployment insurance benefits.

Claimant Sabia reported for work on April 7, 1962 at the usual time and during the morning told his foreman he was ill and desired to go home. The foreman advised him he could not leave until a relief man arrived in about 1½ hours. The claimant said he could not wait, and closed down his machine, whereupon the foreman stated that if he did so, he would be discharged. He left and was told he was fired. The members of claimant Sabia's local union voted to strike if he were not reinstated and they left the job on April 12. One of the claims of the employer is that this was done in violation of a no-strike clause in the union contract. The claimant Soman and 19 other employees were advised that they might be permanently replaced if they did not return to work by May 1. They remained out on strike and were replaced and filed for benefits some seven weeks after the commencement of the strike. Before the board, these other 19 employees and the employer stipulated that they would be bound by the decision in the *Soman* case which was tried together with the claim made by Sabia.

## SABIA

We first approach the question presented by the *Sabia* claim. The employer strongly urges that he left his employment without good cause, rendering himself ineligible for benefits. Unquestionably, an employee who under ordinary circumstances refuses to perform his work, leaves his employment by provoking his discharge and is then ineligible for benefits (Labor Law, § 593, subd. 1; *Matter of Caruso [Catherwood]*, 16 A D 2d 1008). Here, however, the board found that the claimant suffered from an ulcer condition " of a sufficiently serious nature to warrant his immediate departure from his employment because of said illness " and ruled him eligible for benefits, despite the contention of the employer that the testimony in this regard was not sufficiently corroborated and was incredible. The record amply justifies the finding and, in any event, it is within the board's province to determine the weight and credibility of claimant's testimony. (*Matter of Fusfeld [Catherwood]*, 19 A D 2d 678.) Whether or not " good cause " exists is one of fact and this is particularly so on the question whether a claimant is physically able to work. (*Matter of Caruso, supra,* p. 1009.) There was substantial evidence and upon this record we may not disturb the board's finding. (Labor Law, § 623.)

## SOMAN

The *Soman* claim is resisted by the employer on the ground that she was guilty of misconduct under subdivision 3 of section 593 of the Labor Law in that she participated in a strike in violation of the no-strike clause of the bargaining agreement in addition to committing acts of violence and a breach of the peace during the walk-out.

An examination of the record clearly shows a complete lack of evidence that she was involved in any act of violence or that she committed a breach of the peace during the strike. The evidence relating to occurrences during the strike comes mainly from affidavits used in support of an application for a preliminary injunction. An examination of these affidavits, while describing certain unfortunate occurrences during the strike, shows a complete lack of any evidence linking the claimant Soman or any of the other claimants to any of the acts of misconduct charged. We cannot say nor can we conclude that because there was violence committed by *someone* during a strike that perforce a finding must be made that each and every striker (not found to have actually committed violence) is guilty of misconduct and, therefore, disqualified from

receiving benefits. The type of misconduct envisioned under subdivision 3 of section 593 of the Labor Law is the misconduct of the employee himself.

The existence of an industrial controversy or mere participation in a strike, which may be in breach of a no-strike clause, does not constitute the "misconduct" within the intent of subdivision 3 of section 593 of the Labor Law. (*Matter of Heitzenrater [Hooker Chem. Corp.]*, 19 N Y 2d 1.) In that case the court added that if employees were found to have committed acts of violence during a strike, they would be disqualified from benefits. Such is not the case here and the record reveals there was substantial evidence to justify the board's finding of no misconduct. (See, also, *Matter of Davis [Catherwood]*, 24 A D 2d 904.)

The decision should be affirmed, with costs.

GIBSON, P. J., HERLIHY, AULISI and STALEY, JR., JJ., concur.

Decision affirmed, with one bill of costs to claimants.